■ ANN M. SEEMAN, Appellant, v RUSSELL SEEMAN, Respondent. [674 NYS2d 423] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Westchester County (Nicolai, J.), dated June 3, 1997, which, after a nonjury trial, *inter alia,* (1) denied her a distributive share of the value of the defendant husband's law license, (2) directed the defendant husband to contribute $4,000 per year toward the college expenses of any child of the marriage, (3) determined that in the month of April preceding the high school graduation of the youngest child of the marriage, the marital residence would be placed on the market for sale, and (4) directed that she turn over to the defendant husband a baseball memorabilia collection.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) deleting the second decretal paragraph thereof and substituting therefor a provision awarding the plaintiff $151,000 representing 50% of the value of the husband's law license, payable upon the sale of the marital residence, (2) deleting the provision of the fourth decretal paragraph thereof distributing two-thirds of the proceeds from the sale of the marital residence to the wife and one-third to the husband, and substituting therefor a provision distributing one-half of the proceeds from the sale of the marital residence to the wife and one-half to the husband, and (3) deleting subparagraphs (c) and (d) of the fifteenth decretal paragraph thereof, and substituting therefor a provision limiting the wife's maintenance to four years from September 23, 1996; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred when it declined to attribute a

monetary value to the law license held by the husband and declined to fashion a distributive award to the wife based on its value. The wife submitted expert testimony that the present value of the law license was $302,000, by subtracting the present value of an average college graduate's lifetime income from the present value of the husband's lifetime projected earnings (*see, McSparron v McSparron,* 87 NY2d 275, 286). In calculating the husband's projected earnings, the expert estimated that his earnings would increase at 2.5% per year based upon the Consumer Price Index and actual increases in his salary. Under the circumstances of this case, we award the wife $151,000, or 50% of the value of the law license to be paid upon the sale of the marital residence.

The trial court in its decision noted that, in distributing the remainder of the marital property and in awarding the wife maintenance, it recognized that the wife was entitled to some compensation for supporting the husband while he was in law school and furthering his career. Since we have granted the wife a distributive award based upon those efforts, a reduction in the husband's other obligations is warranted (*see, Cover v Cohen,* 61 NY2d 261, 277). The husband shall receive 50% of the proceeds from the sale of the marital residence. Moreover, under all of the circumstances of this case, including the fact that the wife is capable of becoming self supporting as a school teacher, her maintenance should be limited to four years.

The wife's remaining contentions are without merit. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.